HARRIS, Chief Judge.
Appellant Roy Gregg timely appeals a criminal contempt sentence imposed on him during a resentencing hearing. We reverse.
Immediately prior to the hearing, Gregg asked his lawyer to make a motion to withdraw Gregg’s plea. The record indicates defense counsel attempted to bring the motion to the court’s attention, but was informed that the hearing was for the resentencing only. At that point, defense counsel explained to the court, “Mr. Gregg is apparently not happy with the services of our office, so we’re requesting withdraw. He’s acting on pro se, motion for resentence, that’s what he wants to do — ” The court permitted the withdrawal. The State Attorney then explained the error in sentencing, and the court resentenced the defendant to the proper term.
At this point in the proceedings, the following exchange occurred:
THE DEFENDANT: Am I going to have an opportunity to be heard today?
THE COURT: No.
THE DEFENDANT: I object. I have an objection—
THE COURT: What good cause have you got to show by disrupting this court, and after I said you would not be permitted to be heard, why I should not hold you in contempt of court?
THE DEFENDANT: Due process.
THE COURT: No good cause having been shown, it is the judgment and order of this court that you are in contempt of court and are hereby sentenced to 180 days in the Orange County Jail, to run consecutive to any. prison sentence you are now serv-ing_ Take him out.
On appeal, Gregg contends that he did not wish to proceed pro se, that defense counsel’s statement to that effect was incorrect, and that Gregg was merely attempting to ask the court for another lawyer.
We recently addressed this issue on similar facts in Thompson v. State, 618 So.2d 781 (Fla. 5th DCA1993), wherein we summarized the law on criminal contempt:
Criminal contempt requires some willful act or omission calculated to hinder the orderly functions of the court. An act which is calculated to embarrass, hinder or obstruct the trial court in the administration of justice or which is calculated to lessen its authority or dignity constitutes contempt. However, where a judgment of contempt is not objectively supported by the court transcripts, it is procedurally defective.
Id. at 784 (citations omitted).
In the instant case, Gregg’s attempt to object does not rise to the level of criminal contempt. Gregg committed no willful act calculated to hinder the function of the court. He simply wished to be heard. The adjudication of contempt is not justified in this case.
REVERSED.
GRIFFIN and DIAMANTIS, JJ., concur.